IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TORREY COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-020 |
| | ) | |
| WARDEN NATHAN BROOKS; DEPUTY | ) | |
| WARDEN BEASLEY; DEPUTY WARDEN | ) | |
| McCLOUD; DEPUTY WARDEN KEITH; | ) | |
| CAPTAIN THOMAS; DEPUTY SPIRES; | ) | |
| NURSE MURRY; MRS. FISH; DEPUTY | ) | |
| WARDEN WICKER; LIEUTENANT | ) | |
| SYATHS; MRS. WILCOX; MRS. RICKS; | ) | |
| MRS. STEWART; MRS. CLARK; TELFAIR | ) | |
| STATE PRISON; OFFICER D. SMITH; | ) | |
| MAIL SUPERVISOR UNKNOWN; | ) | |
| MR. LYNN; and MRS. WHITT, | ) | |
| | ) | |
| Defendants.[1] | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and this action be **DISMISSED** without prejudice.

---

[1] The Court **DIRECTS** the **CLERK** to update the title for Defendant Syaths and add Defendants Lynn and Whitt on the docket in accordance with the caption of this Report and Recommendation, which is consistent with the complaint. (See doc. no. 1, pp. 2, 5, 7, 11.)

# I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

# II.   DISCUSSION

## A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes:  (1) Coleman v. Ga. Dep't of Corr., Civ. Act. No. 1:02-CV-CAP (N.D. Ga. Jan. 4, 2002) (dismissed for failure to state claim); (2) Coleman v. DeKalb Cty. Sheriff's Dep't, Civ. Act. No. 1:01-CV-2008-CAP (N.D. Ga. July 23, 2001) (dismissed as frivolous); and (3) Coleman v. Fulton Cty., Civ. Act. No. 1:01-CV-2009 (N.D.

Ga. July 23, 2001) (dismissed for failure to state a claim).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  <u>Mitchell v. Nobles</u>, 873 F.3d 869, 873 (11th Cir. 2017).

### B.      Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff signed his complaint on February 4, 2020.  (Doc. no. 1, p. 13.)  The complaint details all manner of alleged problems with Plaintiff's day-to-day life at TSP ranging from the temperature of his food to mail delivery.  (<u>See generally</u> <u>id.</u>)  Moreover, many of the allegations relate to fellow inmates, not Plaintiff himself.[2]  The grievances Plaintiff attached to the complaint do not all relate to him, and in any event, are dated from July 2019 through December 2019.  (<u>Id.</u> at 14-20.)  Nothing in the complaint demonstrates Plaintiff was in imminent danger at the time he filed his complaint in February 2020.

In sum, Plaintiff's conclusory allegations of harm are insufficient to establish imminent danger of serious physical injury.  <u>See</u> <u>Brown v. Johnson</u>, 387 1344, 1350 (11th Cir. 2004) (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception); <u>Odum v. Bryan Judicial Circuit</u>, No. CV

---

[2]Indeed, Plaintiff's improper attempt to join multiple inmates as plaintiffs in one lawsuit resulted in United States District Judge Dudley H. Bowen, Jr., dismissing the original case and directing the Clerk of Court to file multiple, separate cases.  (<u>See</u> doc. no. 3.)

4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008).  Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

C. **The Complaint Should Also Be Dismissed Because Plaintiff Failed to Disclose His Prior Cases and His Acquiring Three Strikes under the PLRA**

The form complaint Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose:  (1) whether they have brought other state or federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such federal lawsuits, and (3) whether any such federal suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.  (Doc. no. 1, pp. 8-10.)  Under the questions concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts or facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id.)

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

4

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, under penalty of perjury, Plaintiff failed to disclose bringing *any* federal lawsuits related to the same or other facts than those involved in this action.  (Doc. no. 1, pp. 8-9.)  Plaintiff also left blank the question related to proceeding IFP in a federal case and then having the case dismissed on the ground that it was frivolous, malicious, or failed to state a claim, and he failed to indicate in any way that he had accumulated three strikes.  (Id.

5

at 10.)  As noted above, Plaintiff filed at least three prior IFP cases that were dismissed as frivolous or for failure to state a claim.  See also Coleman v. Cobb Cty, Civ. Act. No. 1:18-CV-2171-CAP-AJB (N.D. Ga. May 14, 2018) (detailing filing history and dismissing case because Plaintiff had three strikes under § 1915(g)).  Plaintiff's answers about filing other federal lawsuits were blatantly dishonest, and therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

## III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the complaint should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 2nd day of April, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA